United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GERARDO GIL VALDESPINO, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-03953 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| RANDY TATE, Respondent. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Gerardo Gil Valdespino filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 18, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States on a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful as a violation of (i) the Immigration and Naturalization Act, and (ii) his due process rights under the Fifth Amendment. Id at 6–7.

A prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 5 at 1–2. That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. Id at 2–6.

Initial screening of the petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 6.

Petitioner responded. Dkt 6. He appears to recognize the decision in *Buenrostro-Mendez* and the prior decisions by the undersigned but he nevertheless contends he should be released because (i) his petition seeking alien relative status is pending, (ii) his application for a stay of removal is pending; (iii) his detention is imposing financial and emotional hardship on his family, and (iv) he has no criminal history and isn't a danger to the community. Id at 18–42, 105–19.

*As to the statutory claim,* Petitioner appears to disagree with the Fifth Circuit's determination in *Buenrostro-Mendez* that individuals like himself, present in the United States without legal admission, are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider, the undersigned couldn't grant Petitioner relief contrary to *Buenrostro-Mendez* because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with the application of prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to the due process claims,* due process arguments similar to those raised by Petitioner were rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A). The undersigned later found that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-

removal-order detention. See *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026).

Petitioner's contentions concerning his pending immigration proceedings, his family circumstances, his lack of criminal history, and his good character may bear on the question of whether he should ultimately be removed. But they don't bear on the question of whether he may be detained during the pendency of such removal proceedings. As such, he hasn't shown that his current detention violates his rights under the Due Process Clause.

* * *

Because Petitioner hasn't established that his detention violates either the Constitution or federal law, he isn't entitled to relief on *habeas corpus* in this action.

The petition for writ of *habeas corpus* by Petitioner Gerardo Gil Valdespino is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

So ordered.

Signed on June 23, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge